UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
DEC 0 2 2009
CLERK

| | | |
|---|---|---|
| KENNETH D. STARK, | ) | CIV 09-4164-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TIM DEVLIN, Warden, Minnehaha | ) | ORDER |
| County Jail, STAFF OF MINNEHAHA | ) | |
| COUNTY JAIL, AL PENNING, Medical | ) | |
| Director, Avera McKennan Hospital, | ) | |
| STAFF OF AVERA MCKENNAN | ) | |
| HOSPITAL, MINNEHAHA COUNTY | ) | |
| SHERIFF'S DEPARTMENT STAFF | ) | |
| AND C.O.S, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 seeking damages for defendants' alleged violation of his constitutional rights. Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs when they failed to respond to his requests for medical care due to appendicitis.

**A.     Screening**

The Court is required to screen this matter pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), a case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. A case must be dismissed for failure to state a claim "if as a matter of law 'it is clear that no relief could

be granted under any set of facts that could be proved consistent with the allegations.'" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true." Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832. To state a claim under 42 U.S.C. § 1983, plaintiff must allege that his constitutional rights have been violated by one acting under the color of state law.

The Eighth Circuit has held that "absent a clear statement that officials are being sued in their personal capacities, 'we interpret the complaint as including only official-capacity claims.'" Murphy v. State of Ark., 127 F.3d 750, 754 (8th Cir. 1997) (quoting Egerdahl v. Hibbing Comm. College, 72 F.3d 615, 619 (8th Cir. 1995)). Here, plaintiff has not made a clear statement that he wishes to sue Tim Devlin, Al Penning, or the unnamed staff members in their individual capacities. As a result, the Court shall screen only official capacity claims against these individuals.

A suit against an individual in his official capacity "is not a suit against the official but rather is a suit against the official's office." Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). As a result, plaintiff's claims against the individuals are essentially claims against Minnehaha County. Minnehaha County and the Minnehaha County Sheriff's Department are liable "only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to

represent official policy.'" Grayson v. Ross, 454 F.3d 802, 810-11 (8th Cir. 2006) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)). Plaintiff has not alleged that his rights were violated pursuant to an unconstitutional policy or custom by either of these entities. As a result, plaintiff has not stated claims against the individual defendants, or the Minnehaha County Sheriff's Department upon which he may be granted relief. Accordingly, the complaint will be dismissed without prejudice.

B.  *In Forma Pauperis* **Status**

Plaintiff also moves to proceed *in forma pauperis*. Plaintiff has filed a prisoner trust account report with his affidavit. The report reflects that plaintiff's average monthly deposits equal $73.08 and his average monthly balance equals $50.00. Under the Prison Litigation Reform Act, plaintiff must pay 20 percent of the greater of the average monthly deposits to his prisoner account or the average monthly balance of the account. See 28 U.S.C. § 1915(b)(1). Plaintiff, therefore, must pay an initial partial filing fee of $14.62 (20 percent of $73.08). Accordingly, it is hereby

ORDERED that plaintiff's complaint (Docket #1) shall be dismissed without prejudice for failure to state a claim.

IT IS FURTHER ORDERED that plaintiff's motion to proceed *in forma pauperis* (Docket #3) is granted.

IT IS FURTHER ORDERED that plaintiff shall make an initial partial fee payment for docketing and filing fees in the amount of $14.62 to the Clerk of this Court on or

before December 28, 2009.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited the preceding month to the plaintiff's trust account shall be forwarded to the U.S. District Court Clerk's Office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee ($350) is paid in full.

Dated this 30th day of November, 2009.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE